US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JUN 08 2016

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| JESSICA SPENCE and BRIAN SPENCE, Husband and Wife, ) ) ) | **JURY TRIAL DEMANDED** |
| ) | Case No: 16 - 5130 |
| Plaintiffs, ) ) ) | Removed from the Circuit Court of Benton County, Arkansas, Civil Division, |
| v. ) | Case No. CV-16-577-6 |
| ) | |
| TREK BICYCLE CORPORATION, ) A Wisconsin Corporation; and JOHN DOE 1, ) JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, ) and JOHN DOE 5. ) ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Trek Bicycle Corporation ("Trek"), hereby removes this action from the Circuit Court of

Benton County, Arkansas to the United States District Court for the Western District of

Arkansas, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a)(b) and 1446(b).

Complete diversity of citizenship exists and thus removal is proper.

**I.    PROCEDURAL BACKGROUND AND RELEVANT FACTS**

1.    Plaintiffs Jessica and Brian Spence ("Plaintiffs") commenced a civil action in the

Circuit Court of Benton County, Arkansas by filing on April 14, 2016 a Complaint captioned

*Jessica Spence and Brian Spence, Husband and Wife v. Trek Bicycle Corporation et al.,* Case

No. CV-16-577-4 (the "Complaint"). Plaintiffs allege that Jessica Spence sustained temporary

and permanent personal injuries when "the quick-release wheel lever of [her bicycle] became

stuck in the disc rotor of the disc brakes, causing [her bike] to stop suddenly and flip [her] over

the handlebars, propelling her approximately 15 feet through the air and onto the ground."

Compl. at ¶ 11.  Plaintiff Brian Spence has asserted a related loss of consortium claim. Compl. at

¶ VII.  Plaintiffs seek "compensatory, consequential, incidental, and punitive damages," as well

as "all costs, expenses, and any and all other just and equitable relief." Compl. "Prayer For

Relief" at p. 10.

     2.       Trek was served with the Complaint on May 23, 2016.[1]

     3.       Plaintiffs' Complaint alleges that they are residents of Bella Vista, Benton

County, Arkansas.  Complaint ¶ 2.

     4.       Trek is a Wisconsin corporation with its principal place of business in Waterloo,

Wisconsin. Compl. ¶ 3

     5.       Trek is the only defendant named in the Complaint. *See* Complaint; *see also* 28

U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious

names shall be disregarded").

## II.    NOTICE OF REMOVAL IS TIMELY

     6.       On May 23, 2016, Trek was served with Plaintiffs' Complaint.  This Notice of

Removal is filed before the expiration of 30 days after the date Trek was served with a copy of

the initial pleading setting forth Plaintiffs' claims for relief. *See* 28 U.S.C. § 1446(b).  Therefore,

this notice of removal is timely.

## III.    JURISDICTION AND VENUE

     7.       This Court has jurisdiction over this removed action under 28 U.S.C. §§ 1332 and

1441.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this Action

---

[1] A copy of all process, pleadings, orders and other documents now on file in the State Court is attached hereto as Exhibit A. Further, the Civil Cover Sheet is attached as Exhibit B..

because complete diversity of citizenship exists between Trek and Plaintiffs, and the amount in controversy exceeds $75,000.

8.      There is complete diversity of citizenship between Trek and Plaintiff for determining diversity jurisdiction. The Complaint alleges that Plaintiffs are citizens of Arkansas. *See* Complaint, ¶2. Trek is not a citizen of Arkansas; rather, Trek is a Wisconsin corporation with its principal place of business in the State of Wisconsin. Trek is the only defendant named in the Complaint. *See* Complaint; *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"). Accordingly, this criterion is satisfied.

9.      The amount in controversy requirement is also satisfied.  Plaintiffs allege that Jessica Spence sustained both *temporary and permanent* personal injuries when "the quick-release wheel lever of [her bicycle] became stuck in the disc rotor of the disc brakes, causing [her bike] to stop suddenly and flip [her] over the handlebars, propelling her approximately 15 feet through the air and onto the ground." Compl. at ¶ 11 & 40.  Although Plaintiffs' Complaint does not demand a specific amount of damages, under theories of negligence, products liability under Arkansas Code Section 4-86-102, breach of implied warranties and breach of express warranties, Plaintiffs seek to recover (a) the cost of past and future medical care and treatment, (b) compensation for past, current and future pain, suffering, and mental anguish; (c) past and future lost earnings; (d) the reasonable expense of past and future help in the home; (e) compensation for lost consortium; (f) compensation for scarring and physical manifestations of the injury and treatment; (g) value for the permanency and duration of the injury; and (h) "any and all other damages under Chapter 22 of the Arkansas Model Jury Instructions." *See* Compl. at III-VIII.

10.     While Trek denies that it caused Plaintiffs' injuries, given the allegation that Plaintiff Jessica Spence sustained *permanent* personal injuries after being propelled approximately fifteen feet over the handlebars of her bicycle, as well as the extensive categorical damages sought, Trek's good-faith belief is that the amount in controversy in this action *reasonably may* exceed the sum or value of $75,000.00, exclusive of interest and costs. *See, e.g., Gilmer v. Walt Disney Co.,* 915 F.Supp. 1001, 1007 (W.D. Ark. 1996) ("Defendants may meet their burden by sufficient proof that a plaintiff's verdict *reasonably may* exceed [the jurisdictional] amount")(emphasis added); *Knowles v. Standard Fire Ins. Co.,* 2013 WL 3968490, at *3 (W.D. Ark. Aug. 2, 2013)(citing *Hurst v. Nissan N.A., Inc.,* 511 Fed. Appx. 584, 585 (8th Cir. 2013) (a defendant "need not prove that the damages 'are greater than the requisite amount,' only that a fact-finder 'might legally conclude that they are'"); *McPhail v. Deere & Co.,* 529 F.3d 947, 955-56 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *St. Paul Reinsurance Co. Ltd. v. Greenburg,* 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) (the test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount).

11.     Plaintiffs' Complaint also seeks punitive damages. *See* Complaint, "Prayer For Relief" at p. 10.  Punitive damages pleaded in good faith may be included in the amount in controversy. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *OnePoint Solutions, L.L.C. v. Borchert*, 486 F.3d 342 (8th Cir. 2007); *Gilmer*, 915 F.Supp. at 1010.  Although Trek denies that punitive damages are appropriate in this case, Plaintiffs' request for punitive damages further evidences the amount in controversy in this case.

4

12.     The United States District Court for the Western District of Arkansas, Fayetteville Division, includes the city and county in which the State Court Action is now pending (Bella Vista, Benton County, Arkansas) and thus, pursuant to 28 U.S.C. § 83(b)(5), venue is proper.

WHEREFORE Defendant, Trek Bicycle Corporation, respectfully gives notice that the matter styled as *Jessica Spence and Brian Spence, Husband and Wife v. Trek Bicycle Corporation et al.,* Case No. CV-16-577-4, currently pending in the Circuit Court of Benton County, Arkansas, is removed to the United States District Court for the Western District of Arkansas.

This 8th day of June, 2016.

HOGUE LAW FIRM, PLLC


Joshua L. Bailey (2009184)
206 N. College Ave.
P.O. Box 4220
Fayetteville, Arkansas 72702
(479) 444-63111
josh@hoguelawfirm.com


SHOOK HARDY & BACON, LLP


Roger C. Geary, Esq., (PHV to be filed)
Dale M. Johnson, II, Esq. (PHV to be filed)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
rgeary@shb.com
dmjohnson@shb.com

**ATTORNEYS FOR DEFENDANT**
**TREK BICYCLE CORPORATION**

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via the Court's Electronic Case Filing System and First Class U.S. Mail this 8th day of June 2016, to:

Laura J. McKinnon
P.O. Box 1127
Fayetteville, AR 72702-1127

Joshua L. Bailey

6

988366 v1