~~Multiple claims.~~ If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

County: **Benton**

**FILING INFORMATION**

District: **IW**   Docket Number: **CV 16-577-4**

Judge: **SCOTT**   Division: **Civil**   Filing Date: ____

Plaintiff: **Jessica & Brian Spence**   Defendant: **Trek Bicycle Corporation**

Attorney Providing Information: **Laura J. McKinnon, Esq.**
☒ Plaintiff   ☐ Defendant   ☐ Intervenor

Address: **P.O. Box 1127**
**Fayetteville, AR 72702**

Litigant, if Pro Se: ____

Address: ____
Related Case(s): Judge ____ Case Number(s) ____

**Type of Case:**

*Torts*
- ☐ (NM) Negligence: Motor Vehicle
- ☐ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☒ (PL) Product Liability
- ☐ (OD) Other ____

*Contracts*
- ☐ (IS) Insurance
- ☐ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☐ (EM) Employment
- ☐ (OC) Other ____

*Equity*
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other ____

*Miscellaneous*
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs ____
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other ____

Jury Trial Requested: ☒ Yes ☐ No

Manner of Filing: ☒ Original ☐ Re-open ☐ Transfer ☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: ____   ☐ Bench Trial   ☐ Non-Trial   ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff   ☐ Defendant   ☐ Both   Judgment Amount: $ ____

Clerk's Signature ____   Date ____

AOC 23 10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**



EXHIBIT A

SCOTT

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

FILED
2016 APR 14 PM 1 42

BRENDA SHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR.

JESSICA SPENCE
and BRIAN SPENCE,
Husband and Wife                                                PLAINTIFFS

V.                          CIV. NO. CN16-577-4

TREK BICYCLE CORPORATION,
a Wisconsin Corporation; and JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,
and JOHN DOE 5                                                  DEFENDANT

## COMPLAINT

COMES NOW the plaintiffs herein, Jessica Spence ("Plaintiff") and Brian Spence (collectively "Plaintiffs"), by and through counsel, Laura J. McKinnon, and for a legal cause of action against the defendant, Trek Bicycle Corporation ("Defendant"), allege and state as follows:

### I. JURISDICTION AND VENUE

1. Plaintiffs are and were at the time of the accident, citizens and residents of Bella Vista, Benton County, Arkansas.

2. Defendant is a corporation organized and existing under the laws of Wisconsin with its principal place of business at 801 W. Madison St., Waterloo, WI 53594, and its registered agent for service listed as Robert B. Burns at that address.

3. Defendant is a Manufacturer as defined by Ark. Code Section 16-116-102(3), engaged in the business of manufacturing, designing, fabricating, producing, compounding, processing and/or assembling bicycles and/or bicycle parts, including the bicycle and/or bicycle parts that is the subject matter of this action.

4. Defendant is a Supplier as defined by Ark. Code Section 16-116-102(6), engaged in the business of selling bicycles and/or bicycle parts, including the bicycle and/or bicycle parts

that is the subject matter of this action.

5. In the event any of the defendants listed in this Complaint are named incorrectly due to errors in spelling of their name, or misnomer, then, in the alternative, they are now referred to as John Doe 1, John Doe 2, John Doe 3, John Doe 4, and/or John Doe 5, and all of the allegations made against the defendants listed in this Complaint are now plead against these five John Doe defendants. In the event that there are individuals currently known or legal entities, such as a corporation, PA, LLC, or other legal entity, now known at this time who were the employers or employees or agents of any of the defendants named herein, then when all of the allegations herein against any such known tortfeasor shall be referred to as one of the John Doe defendants. All the negligent and wrongful actions, commissions, inactions, and omissions of the Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and/or John Doe 5, are vicariously imputed to the Defendants, and/or their liability insurance companies under the legal doctrine of Respondeat Superior and/or apparent agency authority. John Does include those individuals who were at all time relevant hereto employees of Defendant and providing medical care with negligence imputed under Respondeat Superior. Plaintiffs have attached hereto the affidavit of Plaintiffs' attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125.

6. Personal jurisdiction is premised upon Ark. Code Section 16-4-101, arising from Defendant's transactions of business in the state of Arkansas, Defendant's contracting to supply services or things in the state of Arkansas, Defendant's causing of tortious injuries set forth and described herein by actions or omissions in the state of Arkansas, Defendant's causing of tortious injury in the state of Arkansas by actions or omissions outside the state of Arkansas, Defendant's regular doing of or solicitation of business in the state of Arkansas, Defendant's engagement in persistent courses of conduct in the state of Arkansas, and Defendant's derivation of substantial revenue from goods consumed or services used

in the state of Arkansas. Defendant has sufficient contacts with the state of Arkansas to give this court personal jurisdiction.

7. The accident complained of occurred in the city of Bella Vista, Benton County, Arkansas. Therefore, venue is proper.

## II. FACTS

8. Plaintiffs restate and reallege the foregoing paragraphs as if set forth fully herein.

9. Defendant placed into the stream of commerce a bicycle, Model Skye SL Series with disc brakes, year 2012 or possibly 2011 ("Product"), which was subsequently purchased and used by Plaintiff.

10. In or about November, 2012, the separate plaintiff Brian Spence purchased the Product from one of Defendant's retail distributors as a Christmas gift for his wife, Plaintiff.

11. On or about April 15, 2013 Plaintiff was riding the Product near the area of Northampton and Yardley Dr. when the quick-release wheel lever of the Product became stuck in the disc rotor of the disc brakes, causing the Product to stop suddenly and flip Plaintiff over the handlebars, propelling her approximately 15 feet through the air and onto the ground, causing injury to Plaintiff.

## III. NEGLIGENCE

12. Plaintiffs restate and reallege the foregoing paragraphs as if set forth fully herein.

13. That at all times and places pertinent hereto, Defendant had a duty to use ordinary care in the design, manufacture and/or marketing of the Product.

14. That at all times and places pertinent hereto, Defendant had a duty to use the degree of skill and care ordinarily possessed and used by manufacturers of similar products in the design, manufacture and/or marketing of the Product.

15. That Defendant breached these duties and was negligent in failing to exercise specialized or

even ordinary care in the design, manufacture and/or marketing of the Product for the safety of Plaintiff and other persons who would use such products by acts including, but not limited to:

a. utilizing a defective design;

b. utilizing defective materials and parts;

c. failing to study available design criteria and failure modes;

d. failing to utilize alternative design methods which were reasonably available and economically feasible;

e. failing to inspect and test the defective design;

f. defectively manufacturing;

g. defectively assembling;

h. failing to study available manufacturing criteria and failure modes;

i. failing to utilize alternative manufacturing methods which were reasonably available and economically feasible;

j. failing to inspect and test the defective manufacturing;

k. failing to adequately instruct;

l. failing to provide adequate protection when used for its intended purpose;

m. failing to advise of the need for additional preventive and protective measures;

n. failing to provide adequate user training when marketed;

o. improperly designing, engineering, manufacturing, assembling, packaging, inspecting, testing, selling and/or otherwise distributing the Product and other such products without adequate and sufficient safety devices to prevent injury; and/or

p. failing to utilize the above procedures and processes in the systems providing essential and accurate information to the end-user as to the status and safety of the contents of the Product and such products.

16. Defendant's failure to use the care as described herein proximately caused the injuries and damages to Plaintiffs set forth herein in that such injury and damage would not have occurred but for the failure by Defendant to use such care, and such injuries and damage resulted from a natural and continuous sequence of events flowing from the aforementioned negligent acts and omissions of Defendant.

17. Plaintiff was not aware of the negligent and dangerous condition of the Product at issue on the date of incident, and could not reasonably have known of the danger in sufficient time for them to avoid injury.

18. No act or omission intervened which in itself caused any injury or damage to Plaintiffs completely independent of the acts or omissions of Defendant. At such time and place, Plaintiff had the right to assume that the Product was designed, manufactured, and marketed in a reasonably safe manner and condition by Defendant. Plaintiffs were, at all pertinent times and places, free from all fault of any type, manner, or description.

19. As a proximate cause of the aforementioned acts and omissions as set forth above, Plaintiffs sustained the injuries and damages herein complained of as more fully described below.

## IV. PRODUCTS LIABILITY
## ARK. CODE SECTION 4-86-102

20. Plaintiffs restate and reallege the foregoing paragraphs as if set forth fully herein.

21. Defendant was at all relevant times engaged in the business of manufacturing, assembling, selling, leasing or otherwise distributing the Product.

22. The Product was supplied by Defendant in a defective condition that rendered such Product unreasonably dangerous in that the Product was defective in its design, manufacture and/or marketing.

23. Specifically, the Product was defective in its design, manufacture and/or marketing in ways that include, but are not limited to, the following:

   a. defective design;

     b. defective materials and parts;

     c. defective study of available design criteria and failure modes;

     d. defective utilization of alternative design methods which were reasonably available and economically feasible;

     e. defective inspection and testing of the defective design;

     f. defective manufacturing;

     g. defective assembling;

     h. defective study of available manufacturing criteria and failure modes;

     i. defective utilization of alternative manufacturing methods which were reasonably available and economically feasible;

     j. defective inspection and testing of the defective manufacturing;

     k. defective instruction;

     l. defective provision of adequate protection when used for its intended purpose;

     m. defective advisement of the need for additional preventive and protective measures;

     n. defective provision of adequate user training when marketed;

     o. defective designing, engineering, manufacturing, assembling, packaging, inspecting, testing, selling and/or otherwise distributing the apparatus without adequate and sufficient safety devices to prevent injury; and/or

     p. defective utilization of the above procedures and processes, in the systems providing essential and accurate information to the end-user as to the status and safety of the contents of the Product.

24. The defects of the Product as described herein proximately caused the injuries and damages to Plaintiffs set forth herein in that such injury and damage would not have occurred but for the Product's defects.

25. Defendant knew or reasonably should have known that the Product was defective and posed

an unreasonable risk of harm to individuals, including Plaintiff, who used the Product as intended by Defendant.

26. As a proximate cause of the aforementioned defective Product, Plaintiffs sustained the injuries and damages herein complained of as more fully described below.

## V. BREACH OF IMPLIED WARRANTIES

27. Plaintiffs restate and reallege the foregoing paragraphs as if set forth fully herein.

28. Defendant sold or otherwise placed into the stream of commerce the Product, the Product parts, and/or the component parts thereof, which were not fit for the ordinary purposes for which such products, namely bicycles, are customarily purchased and used, and which were otherwise unmerchantable as that term is defined in Ark. Code Section 4-2-314(2). Said ordinary purposes include the safe use and operation of bicycles by ordinary people for simple recreation and exercise, with typically low degrees of experience in the operation, use, and functioning of said bicycles. Plaintiff was a person whom Defendant might reasonably expect to use or be affected by the respective products at issue.

29. At the time of contracting for the sale or distribution of the Product, Defendant had reason to know the particular purposes for which said products were required or intended by immediate and subsequent purchasers, and that the immediate or subsequent purchasers or distributes of the products were relying on Defendant's skill or judgment to select suitable goods in conformity with the needs of such purchasers. Said particular purposes include the safe use and operation of bicycles by ordinary people for simple recreation and exercise, with typically low degrees of experience in the operation, use, and functioning of said bicycles.

30. The Product, the Product parts, and/or the component parts thereof, were not fit for the particular purposes for which they were required by subsequent or ultimate users or purchasers and Defendant thereby breached implied warranties of fitness for particular purpose imposed by Ark. Code Ann. 4-2-315.

31. The unfitness of the respective products at issue for these purposes was a proximate cause of Plaintiffs' damages as more fully described herein.

32. These defects in the products were not reasonably ascertainable by Plaintiff upon reasonable inspection. The damages set forth more fully below proximately resulted from the aforementioned breaches of warranty by the Defendant.

33. Plaintiffs sustained damages; Defendant sold the Product that was not merchantable as defined; this unmerchantable condition was the proximate cause of Plaintiff's injuries; and Plaintiff was a person whom Defendant might reasonably expect to use or be affected by the Product.

34. At the time of manufacture and sale, Defendant knew the particular purpose for which the Product was required and knew that the buyer was relying on Defendant's judgment to select a suitable bicycle. The Product was not fit for that particular purpose of safe, reliable and simple exercise and recreation. This unfitness resulted in and caused Plaintiffs' injuries. Plaintiff was an end-user that Defendant would reasonably have expected to use or be affected by the Product.

## VI. BREACH OF EXPRESS WARRANTIES

35. Plaintiffs restate and reallege the foregoing paragraphs as if set forth fully herein.

36. At the time of the sale or other distribution of the Product by Defendant, Defendant made express factual representations, descriptions, or promises concerning the relative safety and future safe performance of the design, function, and operation of the products, and, pursuant to Ark. Code Ann. section 4-2-313, expressly warranted that the Product was, and would continue to be, safe in its design and operation for the purposes and in the manner reasonably anticipated by Defendant.

37. The express descriptions of the Product were part of the basis of the bargain at the time of such sale or distribution by Defendant. The failures of the Product to conform to the express

warranties were a proximate cause of Plaintiffs' injuries and damages more fully described below.

## VII. LOSS OF CONSORTIUM FACTS

38. At all times relevant to this action, the separate plaintiff, Brian Spence, was legally married to Plaintiff, Jessica Spence.

39. The separate plaintiff Brian Spence, as the spouse of Plaintiff, was deprived of specific instances of consortium, services, society, and companionship as a result of the injuries sustained by Plaintiff, and proximately caused by the negligence of Defendant. This included, but was not limited to, marital- and household-type duties, and nursing-type care.

## VIII. DAMAGES

40. As a proximate result of the acts of Defendant as described above, Plaintiffs sustained the following damages as a result of injury, both temporary and permanent:

   a. Reasonable and necessary medical care, treatment and services received, that medical expense, and the present value of such expense reasonably certain to be required in the future;

   b. Pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   c. The value of any earnings, profits, salary, and working time lost and reasonably certain to be lost in the future; and/or alternatively, the loss in earnings capacity sustained by Plaintiffs;

   d. The reasonable expense of any help in the home which has been required as a proximate result of these injuries and the reasonable expense of such care reasonably certain to be required in the future;

   e. The reasonable value of any loss of consortium, services, society, and companionship of Plaintiffs, proximately caused by the negligence of the Defendant;

f. Scarring and physical manifestations of the injury and its treatment;

g. The value of the nature, extent, duration, and permanency of the injury; and

h. Any and all other damages under Chapter 22 of the Arkansas Model Jury Instructions.

All to Plaintiffs' great detriment in an amount in excess of that necessary to incur the jurisdiction of this Court;

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for compensatory, consequential, incidental, and punitive damages in an amount, exclusive of costs, interest and attorney fees, which is in excess of that necessary for jurisdiction in this Court, jointly and severally, in order to reasonably compensate Plaintiffs for injuries and damages as set forth above. Plaintiffs pray for all costs, expenses, and any and all other just and equitable relief to which upon proof Plaintiffs shall show to be entitled. Plaintiffs pray for punitive and exemplary damages for Defendant's conscious indifference to the safety of Plaintiffs.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE BY RIGHT OR DISCRETION.

RESPECTFULLY SUBMITTED,

JESSICA SPENCE AND BRIAN SPENCE, HUSBAND AND WIFE, PLAINTIFFS

BY: _____
Laura J. McKinnon, ABA #84104
McKINNON LAW FIRM
P.O. Box 1127
Fayetteville, AR 72702-1127
479/521-1555

EXHIBIT "A"

AFFIDAVIT CONCERNING UNKNOWN TORTFEASORS, "JOHN DOES"

STATE OF ARKANSAS            )
                             )  SS.
COUNTY OF WASHINGTON         )

Personally appeared before me, Laura McKinnon, who first being duly sworn, deposes and states:

1) I am one of the attorneys for the plaintiff in this action.

2) That upon information and belief there are parties whose identity is unknown at this time.

3) That these unknown parties have been designated in the plaintiffs' complaint at law as John Does or John Doe Insurance Companies.

4) Plaintiffs and their attorney have diligently attempted to ascertain the name and location of all those defendants who were involved in the incident in question. These John Does are defendants, individual and corporate, partnerships, company, association, or other business organized entity, that either have an ownership interest, management interest or rights, partnership, supervisory responsibilities or rights or duties; successor in interests, predecessors in interests; and any and all financial interests; partnership; joint venture; parent companies; similar liable business relationship, coverage; and/or are employers, employees, agents, trainers, and similar persons or entities, which were involved in the acts and omissions that are the subject of this complaint; or they are John Does that are defendants that are medical providers and/or professionals, or their agents or employees, or associates that directly or indirectly participated in, or are responsible for, either in fact or financially, the acts and omissions alleged in this complaint that proximately caused the plaintiffs' medical injuries. This includes all operating room personnel, planners, administrators, supplies, technicians, nurses, and hospital employees. Plaintiffs have attempted the identification of these defendants, but has, as yet, been unable to determine their exact identity, proper name, corporate

name, business relationship, and/or location.

    4)    Because plaintiff have been unable to ascertain the "John Does'" names and locations, plaintiffs file this affidavit pursuant to Ark. Code Ann. § 16-56-125(c).

    5)    Further affiant sayeth not.

_____
Affiant

Subscribed and sworn to before me this 14th day of April, 2016.

_____
Notary Public

My Commission expires: 5/29/19

ANN M. HOBIN
Notary Public-Arkansas
Benton County
My Commission Expires 05-29-2019
Commission # 12371412

THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

JESSICA SPENCE
and BRIAN SPENCE
Husband and Wife                                                    PLAINTIFF

v.                      Case No. CIV- 16-577-4

TREK BICYCLE CORPORATION
a Wisconsin Corporation; and JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,
and JOHN DOE 5                                                      DEFENDANT

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Trek Bicycle Coporation
c/o Robert B. Burns
801 W. Madison St.
Waterloo, WI 53594

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

**MCKINNON LAW FIRM, PO BOX 1127, FAYETTEVILLE, AR 72702**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office:
Benton County Circuit Court Clerk
102 N.E. "A" St., #10
Bentonville, AR 72712-5350

CLERK OF COURT

_Brenda DeShields_
[Signature of Clerk or Deputy Clerk]

Date: 4-14-16

By: _Brandy Worsham_
D.C.

FILED
2016 APR 19 PM 3 01
BRENDA DESHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR.

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS

JESSICA SPENCE
and BRIAN SPENCE,
Husband and Wife                                              PLAINTIFFS

vs.                            CASE NO. CV-2016-0577-4

TREK BICYCLE CORPORATION,
a Wisconsin Corporation; and JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,
and JOHN DOE 5                                                DEFENDANT

### ORDER OF TRANSFER

NOW ON this 19th day of April, 2016, this Court hereby transfers this cause, *sua sponte*, and the Clerk is ordered to transfer the action to Division VI and to change all records, including the administrative assignment of cases, to reflect the transfer. (Companion Case No. DR-2010-0902-6.)

IT IS SO ORDERED.

John R. Scott
CIRCUIT COURT JUDGE

cc:   Judge Doug Schrantz

Laura J. McKinnon
Attorney at Law
740 N Lollar Lane
Fayetteville, AR 72701
**VIA TELEFAX 1-479-521-4812**

Cc: Kerry